**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TIMOTHY L. EVANS                                                                                    PLAINTIFF
ADC # 800088

5:05CV00233 SWW/HDY

LARRY NORRIS *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District

1

                Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.        The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite 402
        Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a prisoner at the East Arkansas Regional Maximum Security Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, alleging various constitutional violations. The claims against Defendants Norris, Brewer, Hobbs, and May were dismissed by the Court in an Order dated May 11, 2006 (docket entry #29). Now pending before the Court is the Motion of separate Defendants Williams, Bustos and Garcia for summary judgment (docket entry #31).

### **I. Standard of Review**

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082

(8th Cir.2000); Fed.R.Civ.P. 56(c). If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). To avoid summary judgment, the non-moving party must "show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334, 1337 (8th Cir.1995). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)(internal quotation marks and citations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, if the evidence is so deficient that no reasonable juror could find in favor of the non-moving party, then summary judgment is appropriate. *See Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir.1990).

While prisoners are entitled to the benefit of liberal construction of their pleadings because of their pro se status, Fed.R.Civ.P. 56 remains applicable to them. *See Quam v. Minnehaha County Jail*, 821 F.2d 522 (8th Cir.1987). "Summary judgment is an extreme remedy, to be granted only when no genuine issue exists as to any material fact." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir.1997). A district court has no obligation, however, to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir.1996). Nor is the court "required to speculate on which portion of the record the nonmoving party relies, nor is

it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* (internal quotation marks and citation omitted).

## II.  Plaintiff's Claims

Plaintiff, who was transferred to the Arkansas Department of Correction from the New Mexico Corrections Department pursuant to the Interstate Corrections Compact, filed this Complaint against various officials from both Arkansas and New Mexico.  The Defendants who remain in this action, Williams, Bustos, and Garcia, are the Secretary of the New Mexico Corrections Department, the Adult Prison Director, and the Classification Bureau Chief, respectively.  Plaintiff contends that he has been forced to work at labor beyond his physical limitations, unconstitutionally denied wages for this work, denied New Mexico legal materials that would have enabled him to pursue a "federal appeal" of his conviction, deprived of access to educational and vocational rehabilitation opportunities, confined at a maximum security facility and in punitive isolation for "no reason," and rejected for Act 309 status.[1]

### A.  Interstate Compact claims

To the extent that Plaintiff has sought to allege as claims perceived violations of the Interstate Corrections Compact[2], Plaintiff has failed to state a claim against the New Mexico Defendants.  The Eighth Circuit has ruled that the Compact is not federal law such that violations thereof can support § 1983 action.  *Stewart v. McManus,* 924 F.2d 138, 142 (8th Cir.1991)("no federal interest exists in the state's transfer of inmates so long as the states satisfy the constitutional requirements in the

---

[1] Act 309 of 1983, codified at Ark. Code Ann. §§ 12-30-401 – 407 (1987 and supp. 2001), provides for cooperative agreements between the Arkansas Department of Correction and county jail officials to place Arkansas Department of Correction inmates in county facilities.  An Act 309 inmate, as they are commonly known, who is released to the jurisdiction of a county may be utilized to work in and around government property or projects.

[2] Arkansas Code Annotated § 12-49-101 *et seq.*

treatment of prisoners.") Therefore, the undersigned recommends that the pending motion for summary judgment be granted as to these claims.

### B. Act 309 Claims

Plaintiff has alleged that he has been unfairly denied the opportunity to participate in the Act 309 program, because this would require the approval of the New Mexico Corrections Department officials and it was not granted. The undersigned further recommends that these claims against the Defendants be dismissed as well, because Plaintiff has failed to state a cognizable claim for relief. The United States Supreme Court has recognized that a state may create an enforceable liberty interest based on the relevant state statutory language:

> The Fourteenth Amendment reads in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary action of government," *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972); the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient, *Hewitt v. Helms*, 459 U.S., at 472, 103 S.Ct., at 871. The types of interests that constitute "liberty" and "property" for Fourteenth Amendment purposes are not unlimited; the interest must rise to more than "an abstract need or desire," *Board of Regents v. Roth*, 408 U.S., at 577, 92 S.Ct., at 2709, and must be based on more than "a unilateral hope," *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 465, 101 S.Ct. 2460, 2464, 69 L.Ed.2d 158 (1981). Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it. Protected liberty interests "may arise from two sources--the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S., at 466, 103 S.Ct., at 868.

*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 at 459-460 (1989).

The relevant Arkansas statute provides that the Arkansas Department of Correction "may institute 'work-release' programs under which the inmates selected to participate in the programs may be gainfully employed or attend school outside of the units maintained by the Department, under

rules and regulations promulgated by the Director with the approval of the Board." Ark. . Code Ann. § 12-30-401 (1993).

Following the U.S. Supreme Court's decision in *Thompson*, the Eighth Circuit recognized that an Arkansas inmate participating in a work-release program has a vested interest in <u>remaining</u> in such a program, and is entitled to due process before that status may be constitutionally revoked. *Edwards v. Lockhart*, 908 F. 2d 299, 300 (8th Cir. 1990). However, that interest does not extend to an inmate who alleges a constitutional violation based on the denial of the opportunity to participate in a work-release program. The Eighth Circuit explicitly held in *Mahfouz v. Lockhart*, 926 F. 2d 791, 793 (1987) that the Arkansas statutes do not create a protected liberty interest in participation in a work/study release program, based on the permissive non-mandatory language of the state statute authorizing such programs. "Although the regulation contains substantive criteria to be used in determining <u>eligibility</u> for the work release program, the unit warden, assistant director, and Board retain broad discretion in <u>selecting</u> eligible inmates to participate in the program." *Id*. at 793. Here, the Arkansas Defendants based their selection criteria on the approval of the New Mexico authorities, and that was denied.

Similarly, the New Mexico statute regarding inmate release programs, codified at N.M. STAT. ANN. § 33-2-43 (1978)[3], also provides only for permissive, not mandatory, participation.

---

[3]N.M. STAT. ANN. § 33-2-43. Penitentiary inmate-release program; establishment
The superintendent of the penitentiary of New Mexico may institute an inmate-release program and allow penitentiary inmates to attend school or to be employed in private business while under sentence of confinement in the penitentiary if:
    A. employment of a prisoner does not result in the displacement of employed workers or impair existing contracts for services and is not in a skill, craft or trade in which a surplus of available gainful labor exists in the locality;
    B. rates of pay and other conditions of employment are not less than those paid or provided for work of a similar nature in the locality in which the work is performed;
    C. prisoners authorized to work at paid employment under the inmate-release program are required to pay appropriate and reasonable costs incident to the program and to their confinement as prescribed

Furthermore, participation is limited to those prisoners who are trusties or minimum-custody inmates, N.M. STAT. ANN. § 33-2-44(A)(1978). This is a requirement which Plaintiff clearly does not fulfill based on his placement in a maximum-security facility. In addition, New Mexico Corrections Department's classification policy limits placement in minimum security custody to those inmates with approximately thirty months remaining on their sentence. Plaintiff's projected release date is not until the summer of 2014; therefore, Defendant Garcia concluded that Plaintiff was not eligible for work-release placement.

In sum, Plaintiff was simply not eligible for work-release placement under either state's criteria, and he does not have protected liberty interest in participation in the Act 309 program. Therefore, he fails to state a claim under § 1983. Accordingly, the Court recommends that the Defendants' summary judgment motion be granted as to this issue as well.

### C. Access to Educational and Vocational Rehabilitation Claims

Plaintiff has challenged the actions of the Defendants in restricting his participation in a "vo-tech" program until he is closer to his parole date. This determination is made by the Arkansas Defendants, responsibility for which was thoroughly outlined in the Court's order of dismissal as to the claims against them, not the New Mexico Defendants. Simply put, idleness and the lack of vocational, educational and rehabilitative programs are not eighth amendment violations. *Hoptowit v. Ray*, 682 F.2d 1237, 1254-5 (9th Cir.1982). The lack of these programs simply does not amount to the infliction of pain. There is no constitutional right to rehabilitation. *See also Rhodes v.*

---

by the superintendent; and
D. prisoners participating in the inmate-release program are volunteers who meet standards prescribed by law.

*Chapman,* 452 U.S. 337, 348 (1981); *French v. Owens*, 777 F.2d 1250, 1256 (7th Cir.1985); *Archer v. Reno*, 877 F. Supp. 372 (E.D. Ky. 1995).  Because the New Mexico Defendants have no responsibility for the placement, or lack thereof, of Plaintiff in such programs while he is in the custody of the Arkansas Department of Correction, they should be granted summary judgment on this point as well.

### D.  Work Beyond Physical Restrictions Claims

Similarly, there is no argument or evidence suggesting that the New Mexico Defendants were responsible for the Plaintiff's work assignment or his medical restrictions while at the Arkansas Department of Correction.  Accordingly, Defendants' summary judgment motion should be granted as to this point as well.

### E.  Prison Wages Claims

Plaintiff contends that he should be entitled to wages for his labor at the Arkansas Department of Correction because the New Mexico Corrections Department apparently pays a wage to prison workers.  However, Plaintiff's claims on this measure should be dismissed as well, because the Eighth Circuit has held that the right to receive prison wages "is dependent upon *actual in-state incarceration"* (emphasis in original) and an inmate, incarcerated in Arkansas pursuant to an Interstate Corrections Compact with another state, does not have a property interest in receiving prison wages **while incarcerated in Arkansas**.  *See Jennings v. Lombardi*, 70 F. 3d 994 (8th Cir. 1995)(emphasis added).

### F.  Confinement in Maximum Security Facility

Plaintiff has also alleged that he has been placed in a maximum security unit for the last four and a half years "for no reason at all, and confined to a cell, 22 hours a day, even though I have clear

conduct. At that time I had [been] disciplinary free for over a year, and I was put on the hoe-squad Class 1-C without pay or good time from Arkansas."

The United States Supreme Court in *Wilkinson v. Austin*, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) recently held that an inmate transferred to and held indefinitely in a maximum security environment may enjoy certain due process protections. However, unlike the plaintiffs in *Wilkinson*, or the plaintiff in *Sanders v. Norris*, 153 Fed.Appx. 403, slip op., (8th Cir. November 2, 2005), who remained at the Tucker Maximum Security Unit even after his disciplinary convictions were reversed, Plaintiff's "inmate status report" shows that, contrary to his assertion, he was not "disciplinary free" for a year or placed at Tucker Max or EARU Max "for no reason." In the six months prior to his transfer from Cummins to Tucker Max, Plaintiff was in administrative segregation six times, punitive isolation twice, and before the Disciplinary Court Review twice. During his time at Tucker Max, his record was equally disappointing, and since his transfer to EARU Max in January of 2005, he had had at least two Disciplinary Court Reviews by the time this case was filed in August.

Unlike the scenario outlined in *Wilkinson*, this does not appear to be an instance of "haphazard" placement, and Plaintiff's Complaint references classification committee decisions that reveal that his placement was reviewed periodically, unlike those in *Wilkinson*. Returning to the *Sandin v. Conner*, 515 U.S. 472 (1995) standard that remains the law, it does not appear that Plaintiff has alleged claims that amount to a "dramatic departure from the basic conditions" of his sentence. *See also Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)(no liberty interest arising from Due Process Clause itself in transfer from low- to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of

custody which the conviction has authorized the State to impose"). Assuming for the sake of argument that the New Mexico Defendants bear any personal responsibility for the decisions of the Arkansas Department of Correction officials in placing Plaintiff in maximum-security custody, they do not bear any liability for those determinations pursuant to 42 U.S.C. § 1983, and their motion for summary judgment should be granted on this point.

### G. Access to Court Claims

Lastly, Plaintiff contends that all of the Defendants have violated his right to access to the courts because he was not provided New Mexico legal materials while in the custody of the Arkansas Department of Correction. Plaintiff charges that, at the time he was transferred to Arkansas, his criminal conviction was on appeal to the New Mexico Court of Appeals, but he has been deprived of the necessary legal materials to allow him to "appeal to federal court."

In *Walton v. Toney*, 44 Fed. Appx. 49, 2002 WL 1941590 (8th Cir. August. 21, 2002), the Eight Circuit Court of Appeals, citing *Lewis v. Casey*, 518 U.S. 343 (1996), noted that "to prevail on an access-to-courts claim, an inmate must show actual injury, that is: 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim'; 'demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded.'" *See also Holleran v. Baker*, 109 Fed.Appx. 830, Slip Copy, 2004 WL 2165357 (8th Cir. Sept. 15, 2004), *citing Lewis, supra.*

The New Mexico Defendants have argued that out-of-state New Mexico inmate criminal defendants may request specific information by mail, and that Plaintiff's sole request for legal

materials was granted. *See* Exhibit H.[4]

Plaintiff has not alleged that any request directed to the New Mexico Defendants was ignored, nor has he pointed to any specific request for information or materials that was disregarded. The responsibility to provide requested New Mexico materials falls to the New Mexico authorities, but they can provide to Plaintiff only what he requests, and, apparently, his only requests directed to the New Mexico Defendants were granted. Under the circumstances, Defendants' summary judgment motion should be granted, and these claims against them be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

(1) Defendants' Motion for Summary Judgment (docket entry #31) be GRANTED, and Plaintiff's claims be DISMISSED WITH PREJUDICE;

(2) The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from any Order entered pursuant to the Court's recommended disposition would not be taken in good faith.

DATED this _22_ day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] They have also argued that Plaintiff has not been impeded in an actual legal claim because "not only was the Plaintiff in this case able to file his *habeas* motion, he was able to prosecute it to completion." Disappointingly, however, the relevant exhibit, E, is only a partially decipherable account of filings which appears to show that Plaintiff's state court *habeas* petition was denied without a hearing on the same day it was filed; not suggestive to this Court that Plaintiff was actually able to "prosecute it to completion."